Opinion oí the court delivered by
Judge Whyte.
Robertson executed his note to Webb, who endorsed it to Crockett* the defendant in error. Crocket, the endorsee, sued the maker, Robertson, in the circuit court, who pleaded no assignment. On the trial, Crockett offered to prove by a witness that Webb admitted the endorsement to be in his hand writing; the defendant, Robertson, objected to the admission of the'testimony; but the circuit Judge overruled the objection, and permitted the testimony to go to the jury. There was no other evidence of the assignment. The jury found for the plaintiff, judgment accordingly, and writ of error to this court. The question is, whether the court erred, under the circumstances in admitting the evidence.
The decision of this question depends on authority: there are three cases on the point. The first decided by the court of common pleas 6th year of Geo. 1. Barnes’ notes 436, (Hunonius vs. Robinson,) where the point was reserved — whether the acknowledgment of an endorser was sufficient evidence to prove his endorsement, and the court held it was not. The next was a case at the sittings at Westminster, before Lord Kenyon, in the 38th of *204 Geo. 3. 2nd Espin. rep. 447, (Maddocks vs. Hamby.) Lord Keny0n held, that the admission by the endorser, of the endorsement being his hand writing, was admissible and sufficient evidence, and the plaintiff had a verdict. The third case is, (Western vs. Wilmot,) tried at Westminster Hall, 1820, before Abbott, C. J. who held the reverse of Lord ICenyon. The result is, two cases against one, that the acknowledgment or admission of the endorser that the endorsement is his hand writing, is not sufficient evidence of the endorsement. Add to this, that one of these two cases, is the decision of the court of common pleas upon the point reserved for their decision, and which gave the rule that was acted under for 77 years, until the case of Maddocks vs. Hamby, which last is now overruled, and the doctrine of the former case reinstated — see the late edition of 1826, of Chitty on Bills, page 396.
G. S* Ferger, for plaintiff in error.
Go Mo J<ogg, for defendant.
The judgment of the circuit court must therefore be reversed, and the cause remanded for a new trial.